UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| SOUTHERN AIR CREW GROUP, | : | |
|     Plaintiff, | : | |
| | : | |
| v. | : | 3:08-cv-1115 (WWE) |
| | : | |
| SOUTHERN AIR, INC., | : | |
|     Defendant. | : | |

**MEMORANDUM OF DECISION ON MOTION FOR PRELIMINARY INJUNCTION**

Plaintiff-union Southern Air Crew Group ("SACG") seeks a preliminary injunction compelling defendant-employer Southern Air Inc. ("Southern Air") to convene a System Board of Adjustment ("System Board") meeting to resolve the grievances of plaintiff's members. The Court has jurisdiction over plaintiff's claim pursuant to 28 U.S.C. § 1331.

**BACKGROUND**

The parties have submitted briefs, affidavits and supporting exhibits, in addition to a hearing held on October 16, 2008, which reflect the following factual background.[1]

SACG is a duly-organized labor union recognized to represent the class of crewmembers employed by defendant Southern Air. Robert Guy is the Chairman of SACG. Defendant is a Connecticut-based cargo airline.

A collective bargaining agreement ("CBA") was entered into by SACG and

---

[1] Plaintiff has submitted an affidavit of Robert Guy while defendant has submitted an affidavit of Daniel McCauley. Neither affidavit explicitly states that it is made on personal knowledge. The Court, however, has relied upon only those facts that appear to have been made on personal knowledge and has ignored those about which the affiant would be unable to testify at trial pursuant to rule 602 of the Federal Rules of Evidence. See United States v. Gillette, 383 F.2d 843, 848 (2d Cir. 1967).

1

Southern Air on or about August 1, 2006. Section 19 of the CBA address the grievance process. Specifically, subsection A.2. provides that:

> Only a non-probationary Crewmember may use the Grievance Process to obtain review of discipline. All Crewmembers may use the Grievance Process for the interpretation or application of any of the terms of this Agreement.

Section 20.A. of the CBA provides that all members of SACG are probationary for their first calendar year with Southern Air. Section 19.A.4. states that:

> A Grievance Review Board will review all grievances. The Review Board will consist of three [Southern Air] Crew Group members. Only those grievance[s] deemed valid and appropriate will be submitted to the Company.

Section 19.B. specifies the grievance procedure once the grievance is reviewed by Southern Air. Only Section 19.B.2. which lays out the procedure for a disciplinary grievance applies in this case. That section provides that, first, the crewmember is to attempt to resolve the matter with the crewmember's chief pilot. If that fails, the crewmember has fourteen days to submit a written grievance to the Vice President of Operations. The Vice President of Operations is to conduct an investigation and issue a decision to the crewmember within ten days of receiving the grievance. If the crewmember disagrees with the Vice President of Operations' conclusion, the SACG may appeal it to the System Board within thirty days. The System Board is established under the Railway Labor Act.

In its complaint and the affidavit by Guy, the SACG alleges that the following fourteen members of the union were denied their rights under the CBA by the conduct of Southern Air: Captain James Sposito; Captain William Wisman; Captain Hashim Zaki; First Officer Kimberly Celce; First Office Anne Witcher; First Officer William

Patterson; Flight Engineer Gerald Lovell; Flight Engineer Lindle Barley; Flight Engineer Robert Fulkerson; Flight Engineer Patrick Powell; Flight Engineer Michael Alewine; Flight Engineer Thomas Arrieta; Flight Engineer Philip Zurcher; Flight Engineer Frederick Crutchfield.  Specifically, SACG alleges that these employees were terminated and following that termination, a grievance was filed with Southern Air's Vice President, David Thiel, contending that Southern Air did not have cause to terminate the employee.

SACG further claims that despite requirements in the CBA to the contrary, Southern Air has failed to respond to the grievances.  Therefore, SACG represents that it requested that Thiel convene the System Board to consider the grievances.  Southern Air states that these employees were terminated for cause.

Employees Alewine, Arrieta, Crutchfield, Patterson, Sposito, Witcher and Zurcher were probationary employees at the time of their termination for cause. Therefore, according to Southern Air, pursuant to section 19.A.2. of the CBA, they are not eligible to seek review of their discipline.

SACG requests that the Court issue a preliminary injunction forcing Thiel to convene the System Board.  Southern Air counters that a preliminary injunction is inappropriate as to the seven of the crewmembers who were probationary employees and to all crewmembers because they have not completed the requisite contractual steps in the grievance process to access the System Board.

## DISCUSSION

Injunctive relief "is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion."

3

Mazurek v. Armstrong, 520 U.S. 968, 972 (1997) (per curiam). "A party seeking preliminary injunctive relief must establish: (1) either (a) a likelihood of success on the merits of its case or (b) sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly in its favor, and (2) a likelihood of irreparable harm if the requested relief is denied." Time Warner Cable, Inc. v. DIRECTV, Inc., 497 F.3d 144, 152-53 (2d Cir. 2007). If a party seeks a mandatory injunction, i.e., an injunction that alters the status quo by commanding the defendant to perform a positive act, it must meet a higher standard. "[I]n addition to demonstrating irreparable harm, [t]he moving party must make a clear or substantial showing of a likelihood of success" on the merits, ... a standard especially appropriate when a preliminary injunction is sought against government." D.D. ex rel. V.D. v. New York City Bd. of Educ., 465 F.3d 503, 510 (2d Cir. 2006).

In interpreting a collective bargaining agreement, traditional rules of contract interpretation apply as long as they are consistent with federal labor policies. D.E.W., Inc. v. Local 93, Laborers' Int'l Union of North America, 957 F.2d 196, 199 (5th Cir. 1992); Local 205, Community and Social Agency Employees' Union v. Day Care Council of New York, Inc., 992 F. Supp. 388, 391-92 (S.D.N.Y. 1998). In interpreting a contract, "specific terms and exact terms are given greater weight than general language." Restatement (2d) of Contracts § 203(c) (1979). The Restatement also provides that "an interpretation which gives a reasonable, lawful, and effective meaning to all the terms is preferred to an interpretation which leaves a part unreasonable, unlawful, or of no effect." Id. at § 203(a). Where a contract is unambiguous, "courts are required to give effect to the contract as written and may not consider extrinsic

4

evidence to alter or interpret its meaning." United States Trust Co. v. Jenner, 168 F.3d 630, 632 (2d Cir. 1999).

Southern Air first argues that SACG is not entitled to proceed to the System Board because the employees have failed to follow the procedures set forth in the CBA. Specifically, Southern Air contends that the employees have failed to submit their grievances to the Grievance Review Board. Only those grievances that have been so submitted may proceed under the procedures laid out in section 19.B.2.

Plaintiff does not dispute that the union members have failed to submit their grievances to the Grievance Review Board. Rather, plaintiff argues that the union members have the right to challenge their termination before the System Board, specifically regarding issues of contract interpretation. The plain language of the CBA does not bear this out. The language of section 19.A., instead, provides a grievance process that is antecedent to the grievance procedure of section 19.B. Reading the CBA any other way would eliminate any meaning from section 19.A.4.

Because the union members have failed to submit their grievances to the Grievance Review Board, they are not entitled to have their respective grievances heard by the System Board. An injunction is therefore inappropriate.

In addition, the language of section 19.A.2. of the CBA indicates that the seven probationary employees – Alewine, Arrieta, Crutchfield, Patterson, Sposito, Witcher and Zurcher – were not eligible to utilize the grievance process at all except for disputes regarding the interpretation of the CBA. The probationary employees do not seek interpretation of the CBA and therefore, the Court finds that they are, for this additional reason, not entitled to a preliminary injunction.

## CONCLUSION

For the foregoing reasons, the Court DENIES plaintiff's motion for a preliminary injunction(Doc. #25).

Dated at Bridgeport, Connecticut, this 20th day of October, 2008.

/s/
Warren W. Eginton
Senior United States District Judge