UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

SOUTHERN AIR CREW GROUP,          :
      Plaintiff,                              :
                                                 :
v.                                                 :    3:08-cv-1115 (WWE)
                                                 :
SOUTHERN AIR, INC.,                     :
      Defendant.                            :

**RULING ON PLAINTIFF'S MOTION FOR RECONSIDERATION**

Plaintiff Southern Air Crew Group has filed a motion (Doc. #85) asking the Court to reconsider its ruling in its Memorandum of Decision on Motion for Preliminary Injunction (Doc. #34) that the probationary members of the SACG "were not eligible to utilize the grievance process at all except for disputes regarding the interpretation of the CBA" issued on October 20, 2008.

## BACKGROUND

The underlying facts and the identities of the parties are set forth in the Court's October 20 ruling. Plaintiff filed its motion on May 6, 2009 seeking reconsideration under Federal Rule of Civil Procedure 60 of the Court's conclusion that the probationary crewmembers were not entitled to avail themselves of the grievance process contained in the collective bargaining agreement ("CBA"). The Court repeated this conclusion at hearings held on February 25, 2009 and April 27, 2009.

In its October 20 ruling, the Court also held that none of the crewmembers were entitled to utilize the grievance process because they had not yet submitted their grievances to the Grievance Review Board as required under the CBA.

**DISCUSSION**

Rule 60(b)(1) provides that "on motion and upon such terms as are just, the court may relieve a party … from a final ... order [for] … mistake, inadvertence, surprise, or excusable neglect … or any other reason that justifies relief."  Fed. R. Civ. P. 60(b)(1).  Such a motion "must be made not more than one year after entry of the judgment."  Truskoski v. ESPN, 60 F.3d 74, 76 (2d Cir. 1995).  The requirement that the order be final prevents a party from filing a rule 60(b) motion for relief from an interlocutory order.  12 James W. Moore, Moore's Federal Practice ¶ 60.23, at 60-82 (3d ed. 1999).  Whether to grant such a motion is "at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission."  Canfield v. Van Atta Buick/GMC Truck, Inc., 127 F.3d 248, 250 (2d Cir. 1997).

A motion for reconsideration may be based solely upon "matters or controlling decisions which counsel believes the Court overlooked in the initial decision or order."  Local R. Civ. P. 7(c)(1).  Such a motion should be granted only where the Court has overlooked facts or precedents which might have "materially influenced" the earlier decision.  Park South Tenants Corp. v. 200 Cent. Park South Assocs. L.P., 754 F. Supp. 352, 354 (S.D.N.Y. 1991).  The movant's burden is made weighty to avoid "wasteful repetition of arguments already briefed, considered and decided."  Weissman v. Fruchtman, 124 F.R.D. 559, 560 (S.D.N.Y. 1989).

A ruling on a motion for a preliminary injunction "is ordinarily tentative, pending a trial or motion for summary judgment."  Goodheart Clothing Co. v. Laura Goodman Enterprises, Inc., 962 F.2d 268, 274 (2d Cir. 1992).  Such ruling is meant "to maintain the status quo until there can be a hearing on the merits."  Sierra Club v. United States

Army Corps of Eng'rs, 732 F.2d 253, 256 (2d Cir. 1984).  As the Court of Appeals has stated, "[i]t would ... be anomalous ... to regard the initial ruling as foreclosing the subsequent, more thorough consideration of the merits that the preliminary injunction expressly envisions."  Goodheart Clothing, 962 F.2d at 274.

Plaintiff's request for reconsideration includes no new evidence for the Court to consider, nor does plaintiff cite to any additional case law.  Instead it relies on the events of March 2009 when defendant allegedly terminated seventy-five crewmembers because of the current economic conditions.  Plaintiff does not state why this termination would control over the Court's determination regarding the probationary employees.

Most important for rule 60 relief, plaintiff sought a preliminary injunction, which the Court denied.  This order was not a final order from which relief may be sought under rule 60.  See Charles A. Wright & Arthur R. Miller, 11 Federal Practice and Procedure § 2852 n.7 (2008) ("[a] preliminary injunction is not a final judgment, order, or proceeding that may be addressed by a motion for relief from judgment."); Am. ORT, Inc. v. ORT Israel, 2009 U.S. Dist. LEXIS 10202, *7 n.2 (S.D.N.Y. Jan. 21, 2009).

Rule 59(e), on the other hand, applies to denials of preliminary injunctions.  See Lichtenberg v. Besicorp Group Ins., 204 F.3d 397, 400 (2d Cir. 2000) ("judgment" for purposes of the Federal Rules of Civil Procedure includes any order from which appeal lies, including interlocutory appeal pursuant to 28 U.S.C. § 1292(a)(1) of order granting, refusing, or refusing to dissolve an injunction, and thus rule 59(e) applies to such order).  A motion under rule 59(e) must be brought within ten days of the underlying order.  The Court finds that plaintiff's motion is properly based on the original order issued in

October and that there has been no tolling of any time limits.  See S.O.C., Inc. v. County of Clark, 152 F.3d 1136, 1141 n.4 (9th Cir. 1998) (ten day period under Rule 59(e) began running on day district court entered order denying preliminary injunction).  This time limit is jurisdictional in nature and may not be extended by the district court.  See Lichtenberg, 204 F.3d at 401.  The pending motion is, therefore, tardy under rule 59, as would be a motion for reconsideration under Local Rule of Civil Procedure 7.  Accordingly, plaintiff's motion for reconsideration will be denied.

## CONCLUSION

For the foregoing reasons, the Court DENIES plaintiff's motion for reconsideration (Doc. #85).

Dated at Bridgeport, Connecticut, this 24th day of June, 2009.

　　　　　　　　　　　　　　　　　　　　　　/s/
　　　　　　　　　　　　　　　　　Warren W. Eginton
　　　　　　　　　　　　　　　　　Senior United States District Judge